## CITY OF CALAIS *versus* JOSEPHUS BRADFORD.

The complaint authorized by c. 32 of R. S. of 1841, against certain kindred of a pauper, to compel them to contribute to his support, should be in the name of the city or town in which the pauper resides.

Where judgment has been rendered in favor of the overseers of the poor of such town, on their complaint, the judgment cannot be revived by *scire facias* in the name of the town, — although the town is beneficially interested in its enforcement, — even if this were the proper process by which to obtain a warrant of distress under the statute.

If a demurrer may be properly filed to a specification of defence, the defendant

City of Calais *v.* Bradford.

may take advantage on argument on demurrer of any defect in the plaintiff's writ; and judgment will be against the party whose pleadings were first defective in substance.

EXCEPTIONS from the ruling at *Nisi Prius* of BARROWS, J.

SCIRE FACIAS against the defendant, to show cause why a warrant of distress should not issue against him, to collect the amount of a judgment rendered against him, in favor of William D. Lawrence and others, overseers of the poor of the city of Calais, on their complaint under the statute, to require him to contribute to the support of his father, who had become chargeable to the said city of Calais, as a pauper. The judgment was rendered at October term, 1857.

The defendant filed his specification of the ground and nature of his defence; which was in substance, that, at the time of the rendition of said judgment, and long before and ever since that time, he was and has been destitute of property and without the means to contribute to the support of said pauper, &c.

The plaintiffs demurred to the specification of defence, and issue was joined by the defendant.

The presiding Judge sustained the demurrer and ordered a warrant of distress to issue; to which ruling the defendant excepted.

*C. Record*, in support of the exceptions.

*E. B. Harvey*, contra.

The opinion of the Court was drawn up by

APPLETON, C. J. — By R. S., 1841, c. 32, § 6, certain specified kindred of paupers living within the State, and of sufficient ability, are made liable to support such paupers, in proportion to such ability, respectively.

By § 7, the proceedings for the purpose of apportioning the expenses for such support, among the kindred liable therefor, are to be "upon complaint made by any town," where any one of such kindred to be thus supported shall reside. The payment of the assessment upon each person liable under this section is to be enforced by warrant of distress.

Under § 7, the complaint should be in the name of the city or town, by their appropriate officers, and the judgment should be rendered in favor of the city or town thus complaining. *Bridgton* v. *Bennett*, 23 Maine, 420; *Nantucket* v. *Cotton*, 14 Mass., 243. The overseers of the poor, as such, would not seem to be the proper parties to proceedings under this section. They are the agents of the town or city complaining. They should not be parties. From the record of the original judgment described in the *scire facias*, the overseers of the poor of Calais were the complainants, and judgment was rendered in their favor.

Whether this judgment was rightfully rendered or not, it cannot be revived by *scire facias* in the name of another party plaintiff, though such party may be the one beneficially interested in its enforcement. Neither can a warrant of distress issue otherwise than in the name of the party complaining. As the overseers of the poor of Calais seem to have been the party complaining, and not the city of Calais, the latter has no right to the writ of *scire facias* in its favor, even if this were the proper process by which to obtain a warrant of distress under this section.

It is not denied that the specifications of defence are insufficient.

On argument on demurrer, the Court will, notwithstanding the defects of the pleadings demurred to, give judgment against the party whose pleadings were first defective in substance. On demurrer to a plea, the defendant may take advantage of a substantial defect in the declaration. So, if a demurrer may properly be filed to specifications of defence, — the defendant, on argument, may take advantage of the defects in the plaintiffs' writ.

The record as set forth in the plaintiffs' writ shows no adjudication in their favor. The city of Calais are not entitled, upon the record before us, to a warrant of distress.

*Exceptions sustained. — Declaration bad.*

Cutting, Davis, Kent, Walton and Danforth, JJ., concurred.